INTERNET FINANCIAL SERVICES, LLC, Plaintiff,

v.

The LAW FIRM OF LARSON-JACKSON, P.C., et al., Defendants.

No. CIV.A.02–1207(RMC).

United States District Court, District of Columbia.

Feb. 24, 2004.

Russell Adams III, Chung & Press, P.C., McLean, VA, for Plaintiff.

## MEMORANDUM OPINION

COLLYER, District Judge.

Internet Financial Services, LLC ("IFS") has sued the Law Firm of Larson–Jackson, P.C. ("Law Firm") and Mr. Steven Larson–Jackson for breach of contract. IFS alleges that the Law Firm has breached the payment terms of a Secured Promissory Note ("Note"), and that Mr. Larson–Jackson has breached the terms of a Personal Guaranty of the Secured Note ("Personal Guaranty"), by failing to make payments of the amounts due within 15 days of the due date. IFS seeks the outstanding principal balance of $83,696.54, plus interest, costs and attorney's fees.

Pending before the Court is a Motion for Summary Judgment filed by IFS, which is opposed by the Law Firm and Mr. Larson–Jackson. Upon consideration of the brief in support of the motion, Defendants' opposition, Plaintiff's reply, the underlying pleadings and the applicable law, the Court finds that there is no genuine issue of material fact and IFS is entitled to judgment as a matter of law.

### FACTS

On or about September 8, 2000, the Law Firm borrowed $110,000 from IFS. Through its President, Mr. Larson–Jackson, the Law Firm executed the Note in the principal amount of $110,000, plus interest at the rate of 26% per annum, in favor of IFS. Pltf.'s Stmt. of Undisputed Material Facts ¶ 4; Compl. Exh. 1. As further consideration, Mr. Larson executed the Personal Guaranty of the loan. Pltf.'s Stmt. of Undisputed Material Facts ¶ 4; Compl. Exh. 2. IFS contends, and Defendants do not dispute, that the Law Firm has failed to make payments according to the terms of the Note. Defendants assert that there are disputes regarding the amount of principal and interest due IFS under the Note and the Personal Guaranty. They further argue that the interest rate set forth in the Note violates the District of Columbia usury laws, D.C. CODE ANN. § 28–3301 et seq., and that Mr. Larson–Jackson may personally assert usury even if the defense is unavailable to the Law Firm.

### LEGAL STANDARDS

Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is not a "disfavored legal shortcut[;]" rather, it is a reasoned and careful way to resolve cases fairly and expeditiously. Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether a genuine issue of material fact exists, the court must view all facts and reasonable inferences in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C.Cir.1994). Any factual dispute must be capable of affecting the substantive outcome of the case to be "material" and "genuine." See Anderson, 477 U.S. at 247–48, 106 S.Ct. 2505; Laningham v. United States Navy, 813 F.2d 1236, 1242–43 (D.C.Cir.1987). A party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248, 106 S.Ct. 2505; see also FED. R. CIV. P. 56.

## ANALYSIS

■ Defendants first argue that the contract is unenforceable because the interest rate contained therein exceeds 24% per annum in violation of D.C. CODE ANN. § 28–3301. In relevant part, this statute provides that interest is capped at 24% per annum, and that

> any loan, except a loan which is secured directly or indirectly by ... *a security interest in stock or a membership certificate issued to a tenant stockholder or resident member by a cooperative housing organization,* ... where the borrower receives the use of an amount in excess of $1,000 shall not be subject to the provisions of this chapter and it shall be lawful to contract for, or receive, any rate of interest thereon if any of the following conditions are satisfied: ... (B) the borrower is an individual, group of individuals, corporation, unincorporated association, partnership, or other entity, and the loan is made for the purpose of acquiring or carrying on a business, professional, or commercial activity.

D.C.Code § 28–3301 (emphasis added). In making their argument, Defendants inappropriately rely on an incomplete excerpt of the statutory language. *See* Defs.' Opp at 4–5 ("Thus, the applicable statute provides that if the lender obtains a security interest in the stock of the borrower it is unlawful to receive a rate of interest in excess of 24% per annum."). Contrary to Defendants' mischaracterization, pursuant to this statutory provision the interest rate on a loan can exceed 24% except in those cases where the loan is secured by an interest in stock issued by a cooperative housing organization, a fact pattern that does not exist in this case. Therefore, the restrictions set forth in D.C. CODE ANN. § 28–3301 are inapplicable and do not bar Plaintiff's recovery.

■ Defendants also contend that the Personal Guaranty is unenforceable because it contains a provision whereby Mr. Larson–Jackson waives his right to plead usury as a defense, in violation of D.C. CODE ANN. § 28–3312(6). The Personal Guaranty also contains a severability provision that states "[a]ny invalidity of any provision of this guaranty shall not affect other lawful provisions and applications hereof." Compl., Exh. 2, ¶ 11. Therefore, even if the usury waiver provision is invalid, it can be severed from the other contractual provisions and does not render the entire contract unenforceable.

■ Defendants also assert there are genuine issues of material fact with respect to the amounts due under the terms of the Note. Specifically, they argue that

> approximately eight to ten payments were tendered by the borrower corporation to the lender .... [Defendant] is uncertain about the exact amount of the payments because the person who worked as the law firm's staff accountant recently died and the hard copy of the payment records are located in an off site storage facility in Woodbridge, Virginia. This matter is further complicated by the fact that some of the initial payments were automatically subtracted from the borrower's account via the Ach debit system.

Defs.' Opp. at 6–7. In addition, Defendants assert that "[i]t appears that the Plaintiffs [sic] failed to deduct the amounts associated with the origination fee, points, and other closing costs." *Id.* at 7. They seek to proceed to trial on the merits and offer evidence on these points.

■ Plaintiff's motion for summary judgment was filed following the close of a full period of discovery. The motion is supported by the affidavit of Drew Backstrand, wherein he attests to the amount due

IFS under the terms of the Note. Under Rule 56 of the Federal Rules of Civil Procedure,

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. P. 56(e). In their Opposition, Defendants provide only speculation, rather than facts and affidavits. Arguments of counsel do not substitute for evidence that establishes a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. 2548. Defendants had months to locate the offsite documents and to ascertain the amounts paid and owed under the Note. These belated assertions of difficulties and uncertainty do not establish an issue of material fact sufficient to preclude summary judgment.

### CONCLUSION

Because there is no genuine issue of material fact regarding Defendants' liability under the terms of the Note and the Personal Guaranty, Plaintiff's Motion for Summary Judgment will be **GRANTED**. Plaintiff is entitled to the outstanding principal due, in the amount of $83,696.54, plus interest at the rate of 26% per annum until paid, along with attorney's fees and costs. Plaintiff shall, by March 2, 2004, submit an itemized statement describing and attesting to a sum certain of the interest, attorney's fees, and costs that it is due pursuant to the Secured Note and Personal Guaranty. Defendants shall file their response to this statement, if any, by March 9, 2004.

A separate Order accompanies this Memorandum Opinion.

### ORDER

For the reasons stated in the Memorandum Opinion separately and contemporaneously issued this 24th day of February, 2003, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff is entitled to the outstanding principal due, in the amount of $83,696.54, plus interest at the rate of 26% per annum until paid; attorney's fees; and costs; and it is

**FURTHER ORDERED** that, by March 2, 2004, Plaintiff submit an itemized statement describing and attesting to a sum certain of the interest, attorney's fees, and costs it is due pursuant to the Secured Note and Personal Guaranty; and it is

**FURTHER ORDERED** that Defendants file their response to this statement, if any, by March 9, 2004.

**SO ORDERED.**